James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MONTANA STATE BOARD OF EDU-CATION, Defendant.

Civ. No. 941.

United States District Court, D. Montana, Billings Division.

Jan. 20, 1972.

Henry C. Mahlman and Ronald G. Whiting, U. S. Dept. of Labor, Denver, Colo., for plaintiff.

Robert L. Woodahl, Atty. Gen., State of Montana and Charles Dickman, Asst. Atty. Gen., Helena, Mont., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

BATTIN, District Judge.

This cause came on regularly for hearing on November 17, 1971, at 9:30 o'clock a. m., before the court without a jury. The court, having heard the testimony and having examined the proof offered by the respective parties, and the

cause having been submitted for decision and the court being fully advised in the premises, now makes the following

## FINDINGS OF FACT

1. This action was instituted by the Secretary of Labor, United States Department of Labor, under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as the Act. Plaintiff has alleged that the defendant, during the period from April 15, 1969, to the present, violated Section 6(d) of the Act by paying its female custodial employees at lower rates than it paid certain male custodial employees, for the performance of work which required equal skill, effort and responsibility, and which was performed under similar working conditions.

2. Plaintiff seeks the restraint of future violations of the Act and further seeks to have the defendant restrained from withholding any back wages owed to its employees as a result of the aforesaid violations.

3. Eastern Montana College is an institution of higher education located in Billings, Montana, and is one of the institutions for which the Montana State Board of Education (*ex officio* Board of Regents) has control and supervision.

4. Defendant has, and had since April 12, 1969, employees engaged in commerce or in the production of goods for commerce including employees handling, selling or otherwise working on goods that have been moved in or produced for commerce.

5. Plaintiff contends that the jobs performed by female housekeepers Aasen, Adolph, Bauer, Bartz, Frank, Haanpaa, Hartung, Haugse, Higgins, Hicks, Kurkoski, Martin, Rupp, Sieler, Smith, Staley, and Van Dierendonk, are equal within the meaning of Section 6(d) of the Act to the jobs performed by male custodians or janitors Deyle, Ericksen, Mortenson, Rotan, Pierce and Walker.

6. Defendant admits that Eastern Montana College pays its employees classified as housekeepers at a lower rate than its employees classified as custodians, but denies that the work performed by employees classified as housekeepers and custodians requires equal skill, effort and responsibility.

7. The overwhelming majority of the time spent by both the female housekeepers and male custodians or janitors named above was spent in routine custodial duties consisting of sweeping, mopping, washing, scrubbing, dusting, and cleaning of bathrooms, performed in dormitories, classrooms and offices.

8. The so-called "extra duties" performed by the above-named men either take only minutes per day or per week, or are also performed by the women, or are performed by neither the men nor the women. The changing of light bulbs does not take appreciable time; is performed by both the men and the women; and the difference in heights of the ladders used by the men and the women does not constitute a material difference in the jobs. The amount of lifting, pushing, shoving, etc., performed by both the men and the women named above is substantially equal. The "supervisory tasks" performed by the male custodians take little of their time, are not performed by all of the custodians named above, and, furthermore, several of the women perform similar "supervisory" duties. Neither the men nor the women do high cleaning from a scaffold. The great percentage of the females' time is spent in the performance of duties which differ in no appreciable way from those performed by the male employees named above.

9. The Walter Study revealed that female housekeepers maintained an average of 6,199 square feet of floor space, while a male custodian maintained 12,284 square feet of floor space. The Walter Study was not definite as to the method of its computation and appeared to have been based upon the activities of all male classroom custodians rather than being restricted to those custodians who performed tasks which were substantially equal to the tasks performed

by the female housekeepers. In addition, the difference in amount of floor space between the two classifications is explained by the nature of the facilities maintained by each classification. While the housekeepers maintain less square feet of floor space, this floor space is of resident type with a higher degree of use, thus requiring more concentrated work.

10. The female housekeepers have consistently received wages substantially lower than those paid to the male custodians or janitors.

11. The fact that many of the women performed their duties in dormitories while many of the men performed their duties in classrooms does not negate the basic equality of the tasks performed nor the substantial equality of skill, effort and responsibility involved. Furthermore, both men and women cleaned offices, and those women still received the same lower pay rate while the men received the higher rate.

12. There is no evidence to show that the pay differences between female housekeepers and male custodians existed under a seniority system, a merit system, a quantity or quality of production scale, or any other differential based on any factor other than sex.

13. To raise the female housekeepers to the wage level of the above-named male custodians for the period from April 15, 1969, to November 15, 1971, defendants must pay back wages computed by considering seniority, during periods in which it was a factor; overtime, if any; leaves of absence, if any; and vacation pay, if any. The rate of pay must be based on the rate of pay of a member of custodian class, which plaintiff has used as a comparison, employed during the period under consideration. The information necessary for these computations is not before the court.

From the foregoing Findings of Fact, the court now makes the following

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this cause of action pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.), hereinafter referred to as the Act.

2. Defendant is an enterprise engaged in commerce and in the production of goods for commerce, within the meaning of Section 3(s) (4) of the Act, as amended effective February 1, 1967 (29 U.S.C. § 203(s)(4)).

3. The jobs as performed by female housekeepers Aasen, Adolph, Bauer, Bartz, Frank, Haanpaa, Hartung, Haugse, Higgins, Hicks, Kurkoski, Martin, Rupp, Sieler, Smith, Staley, and Van Dierendonk are equal within the meaning of Section 6(d) of the Act to those jobs performed by male custodians or janitors Deyle, Ericksen, Mortenson, Rotan, Pierce and Walker. Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970); Shultz v. American Can Company-Dixie Products, 424 F.2d 356 (8th Cir. 1970); Shultz v. Wheaton Glass Company, 421 F.2d 259 (3rd Cir. 1970); Hodgson v. Waynesburg College, 66 L.C. 32, 542 (W.D.Pa.1971); Wirtz v. Basic Incorporated, 256 F.Supp. 786 (D.Nev.1966).

4. The differential in pay between female housekeepers and male custodians was not based upon a seniority system, a merit system, a quantity or quality of production scale, or any other differential based on a factor other than sex. Rather, it was based on the sex of the employee.

5. Defendant has violated and is violating Section 6(d) of the Act.

6. Sufficient information is not before the court upon which a determination of the unpaid compensation due the housekeepers may be determined.

7. Based upon the Findings of Fact and Conclusions of Law contained herein, plaintiff is entitled to injunctive relief prohibiting future violations, includ-

ing the restraint of withholding of any unpaid compensation due defendant's employees referred to herein from April 15, 1969, to the present.

It is therefore ordered that defendant is enjoined from further violations of the Act, including failure to pay compensation to female housekeepers at a rate equal to that received by the male custodians Deyle, Ericksen, Mortenson, Rotan, Pierce, and Walker.

It is further ordered that the parties submit to the court on or before March 1, 1972, a compilation of the amounts due each female housekeeper from April 15, 1969, to November 15, 1971, based on those items set forth in Finding of Fact No. 12, including the amounts necessary per month to provide equal compensation for housekeepers after November 15, 1971; or that the parties submit to the court the figures, if any, which it can be agreed constitute the amount of unpaid compensation.